UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS ROBERTO GUAMAN JUNCAL,

                        **Petitioner,**

vs.                                                  9:26-CV-221 (MAD)

**PAMELA BONDI,** *in her official capacity as Attorney General, U.S. Department of Justice*; **KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*; **TODD LYONS,** *in his official capacity as Acting Director, U.S. Immigration & Customs Enforcement*; **TAMMY MARICH,** *in her official capacity as Acting Buffalo Field Office Director, U.S. Immigration & Customs Enforcement*; and **JOSEPH E. FREDIN,** *in his official capacity as Director, Buffalo Federal Detention Facility*,

                        **Respondents.**

---

### ORDER TO SHOW CAUSE

Petitioner, an Ecuadorian national who has lived in the United States since 1994, filed a Petition for Writ of Habeas Corpus on February 11, 2026. Dkt. No. 1 at ¶ 1. Officers from Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), arrested Petitioner at his home on October 21, 2025. *Id.* He was issued a Notice to Appear, placed in removal proceedings, and does not have a hearing scheduled. *Id.* He is currently detained at the Buffalo Federal Detention Facility in Batavia, New York. *Id.* at ¶ 2. Petitioner alleges that he requested a custody redetermination, which an immigration judge summarily denied. *Id.* Moreover, he alleges that his detention violates his statutory and constitutional rights. *Id.* at ¶ 3. Although he entered the United States without documentation, he

1

claims he has lived here for more than thirty years with no criminal record. *Id.* at ¶ 8. He was not apprehended at or near the border when he entered the country. *Id.*

As a threshold matter, a federal civil action may be brought in the following locations:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Petitioner contends that venue is proper in this Court because a substantial part of the events giving rise to his claim occurred in the Northern District of New York, he was detained in this district when the Petition was filed, and Respondents Marich and Fredin reside in this District. Dkt. No. 1 at ¶ 7. However, the Petition states that Petitioner is detained in Batavia, New York, which is in the Western District of New York. Furthermore, nothing in the Petition supports the assertion that Respondents Marich and Fredin, who are identified as officials affiliated with ICE's Buffalo Field Office and the Buffalo Federal Detention Facility, respectively, live in the Northern District of New York. Additionally, other than a New York City address provided on the Notice to Appear, which is attached to the Petition, none of Petitioner's factual allegations suggest that his home, where ICE arrested him, is in the Northern District. *See id.* at 34.

Importantly, "a clear majority of courts" in the Second Circuit have held that the "immediate custodian" rule applies to habeas cases where a petitioner challenges their

2

confinement pending removal, which means jurisdiction generally exists "only in the district of confinement." *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280 (S.D.N.Y. 2025) (collecting cases); *see also Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The Court also notes that deviations from the immediate custodian rule may be permissible in limited circumstances. *See, e.g.*, *Flores-Linares v. Bondi*, No. 26-CV-298, 2026 WL 179208, *5 (E.D.N.Y. Jan. 22, 2026) (finding that venue was proper because the petitioner's attorney "acted on the only reasonable information available" as to the petitioner's whereabouts). Because Petitioner, by his own admission, is detained in the Western District of New York, it is not immediately clear on the face of the Petition that venue is proper in the Northern District of New York.

Accordingly, upon consideration of Petitioner's Petition for Writ of Habeas Corpus, Dkt. No. 1, the Court

**ORDERS** that Petitioner shall **SHOW CAUSE** within **twenty-four (24) hours** of the filing of this Order as to why the Petition should not be transferred, *sua sponte*, to the Western District of New York for the reasons set forth in this Order; and the Court further

**ORDERS** that Respondents shall file a response, if any, no later than Friday, February 13, 2026, at 12:00 P.M. solely as to the issue of venue; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order to Show Cause on Petitioner in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order to Show Cause and the Petition on the United States Attorney for the Northern District of New York in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 11, 2026
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge